SEIDBERG LAW OFFICES P.C.
P.O. Box 7290
Phoenix, Arizona 85011
(602) 248-8117

Kenneth W. Seidberg, SBA #3690
Joseph L. Whipple, SBA #21391
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TARA LYN CARREON AND CHARLES CARREON, <br><br> Plaintiff, <br><br> vs <br><br> SEIDBERG LAW OFFICES, P.C., JOSEPH LEE WHIPPLE, KENNETH W. SEIDBERG, and Does 1-10, <br><br> Defendant(s). | NO. CIV10-182TUC-DTF <br><br><br><br> ANSWER ON FIRST AMENDED COMPLAINT FOR SEIDBERG LAW OFFICES P.C. AND KENNETH W. SEIDBERG |

COMES NOW Seidberg Law Offices P.C. ("SLO"), by and through its Counsel undersigned, and Kenneth W. Seidberg, and hereby Answer Plaintiffs' First Amended Complaint (only) in this above-captioned matter.

1. Your undersigned are without knowledge or information sufficient to form a belief as to the truth of the allegations. Nevertheless, and for purposes of this suit, your undersigned admit.

2. Your undersigned are without knowledge or information sufficient to form a belief as to the truth of the allegations. Nevertheless, and for purposes of this suit, your undersigned

admit. With respect to the allegation concerning Plaintiffs' marital status, your undersigned has a reasonable basis to question this fact based upon the Affidavit of Service of Process herein attached hereto as Exhibit 1. Therefore, based upon insufficient and/or conflicting information to admit or deny, your undersigned must deny at this time.

3. Admitted.
4. Admitted.
5. Admitted.
6. No response is required as no allegation is made against these Answering Defendants; Defendants thus Deny.
7. Denied.
8. No response required, but Defendants affirmatively assert that no "Doe" Practice is available in Federal Court.
9. Admitted.
10. Admitted.
11. In response to paragraph 11 of the Amended Complaint, the undersigned reassert and restate their answers to paragraphs 1 – 10.
12. Admit used Citibank (South Dakota, N.A.) (hereinafter referred to as "Citi S.D.") Card.
13. Admitted in part and denied in part. On or about November 25, 2009, SLO, by and through its attorneys, and on behalf of Citi S.D., sent Tara Lyn Carreon a notice and introduction letter with notices required under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Said letter included the requisite validation notice, which offered validation upon receipt of Ms. Carreon's timely written request for

the same.

14. Your undersigned are without knowledge or information sufficient to form a belief as to the truth of the allegation, therefore the same is denied. Your undersigned affirmatively assert that SLO never received any request for validation from Ms. Carreon, whether written, oral, or otherwise.

15. Admit, but affirmatively assert that SLO never received a request for validation.

16. Your undersigned are without knowledge or information sufficient to form a belief as to the truth of the allegation, therefore the same is denied.

17. Your undersigned are without knowledge or information sufficient to form a belief as to the truth of the allegation, therefore the same is denied.

18. Your undersigned are without knowledge or information relating to any "plan" referenced by Plaintiffs. Therefore, the existence and your undersigned having knowledge of such alleged plan is hereby denied. It is further denied that representation of Citi S.D. by your undersigned or any other named Defendant in any context whatsoever constitutes a violation of the FDCPA, or that such litigation is unlawful.

19. Your undersigned deny the existence and having any knowledge of the plan alleged by Plaintiff's. Your undersigned affirmatively assert that Citi S.D. initiated a lawsuit against Plaintiffs in the Superior Court Action (Pima County) referenced in Plaintiff's Amended Complaint ("Action"). Your undersigned admit the allegation relative to the liability of Plaintiffs as asserted in Citi S.D.'s Complaint filed in the Action.

20. Your undersigned deny the existence and having any knowledge of the plan alleged by Plaintiffs. Your undersigned deny that Ms. Carreon was not served. Your undersigned affirmatively assert that Ms. Carreon was in fact personally served at her usual place of

abode. [See Affidavit of Service of Process, attached hereto as Exhibit 1.]. Your undersigned affirmatively assert that Citi S.D. filed an Application for Entry of Default in the Action. Your undersigned admit that Joseph L. Whipple executed an Affidavit in support of Citi S.D.'s Application for Entry of Default, the contents of which are self evident. Your undersigned affirmatively assert that notice of Citi S.D.'s Application was served upon Ms. Carreon at her usual place of abode in accordance with governing Arizona Rules of Civil Procedure. Your undersigned deny having any intent to enforce a judgment against Ms. Carreon as described by Plaintiffs. Your undersigned affirmatively assert that Defendant John Doe, in the Action, was joined as a means to obtain a judgment against the entire Carreon marital community.

21. Your undersigned deny that the filing of the Action constituted an express breach of the contract existing between Citi S.D. and Ms. Carreon or in any manner whatsoever circumvented the arbitration agreement between Citi S.D. and Ms. Carreon. Your undersigned affirmatively assert, based upon information and belief, that a credit card agreement ("Agreement") exists between Citi S.D. and Ms. Carreon, under which either party was entitled to file in the Action a motion/request to compel private arbitration and stay those proceedings. Plaintiffs never made such a request, choosing instead to file this civil matter rather than simply appearing in the Action to compel private arbitration. Your undersigned deny that Citi S.D.'s Complaint filed in the Action sought punitive damages (See attached State Court Complaint herein attached as Exhibit 3). All pleadings (including the Certificate of Compulsory Arbitration) were in accordance with the Arizona Rules of Civil Procedure including Rule 72 et. seq. Your undersigned affirmatively assert, based upon information and belief, that the Agreement entitles Citi

S.D. to recover its attorneys' fees and costs incurred in the event collection and/or litigation becomes necessary.

22. Your undersigned deny violating any duty to validate the subject debt. [See Response No. 14 Supra]. With respect to the allegation concerning improper pleading, your undersigned deny. Your undersigned deny any impropriety in the filing of the Action in connection with any of the various arguments/theories made by Plaintiffs in the first portion of paragraph 22. The pending Action was and remains a suit against Tara L. Carreon (and possible spouse/community) for the admitted use and non-payment of a single credit card account. Your undersigned further deny that there were any conspiracies, underlying schemes or pretenses in the pursuit of the Action. The Action was and remains a transparent and lawful effort by Citi S.D., the owner and holder of said debt, to hold Ms. Carreon and her marital community liable for the balance due and owing on the subject credit card account. With regard to any arguments and/or allegations toward the end of paragraph 22 relating to Plaintiff's assertions that there were "asset backed securities..." or "double recovery...", your undersigned has no information sufficient to admit or deny and therefore must deny same. (See State Court Complaint herein attached as Exhibit 2).

23. In response to Paragraph 23 of the Amended Complaint, the undersigned reassert and restate their answers to paragraphs 1-22.

24. Denied. SLO did not receive any request for validation or any request to cease and desist from Ms. Carreon.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted in part and denied in part. Citi S.D. filed the Action against Ms. Carreon and John Doe. Citi S.D.'s Complaint asserted that Ms. Carreon was separately obligated to Citi S.D.. The Complaint also asserted that, to the extent Ms. Carreon was married at the time the debt was incurred, the debt would also constitute a community obligation. Your undersigned asserts that Citi S.D. intended to lawfully execute on any judgment obtained in the Action.

34. Denied.

35. In response to Paragraph 35 of the Amended Complaint, the undersigned reassert and restate their answers to paragraphs 1-34.

36. Your undersigned deny any attempt in the Action to procure an unlawful judgment against Plaintiffs. Defendants further deny that any subsequent state court (Action) judgment would be void, deny intrinsic fraud, and deny failure of due process.

37. Your undersigned affirmatively assert that Plaintiffs are not entitled to the relief requested. Your undersigned affirmatively assert that the pending state court Action is valid, and Plaintiffs have existing remedies in state court to defend and or object to said litigation.

38. All allegations not specifically admitted herein are denied.

As and for their affirmative defenses, Defendants assert:

1. **Bona fide error pursuant to 15 U.S.C. §1692k**
2. **Failure to state a claim with regard to fraud pursuant to F.R.C.P. Rule 9(b)**
3. **Failure to state a claim as injunctive relief is not available to the Plaintiffs**
4. **Failure to state a claim with regard to the Fourteenth Amendment as the parties to the underlying action were served with process.**
5. **Lack of standing on behalf of Charles Carreon.**
6. **Federal Anti-injunction statute.**
7. **The undersigned deny any attempt to expand the litigation by reference to unnamed Defendants because "Doe" practice is not available in Federal Court.**
8. **All other Rule 8(c) Affirmative Defenses**
9. **In the event the undersigned learn during discovery that this matter was brought in bad faith and for the purpose of harassment, the undersigned will seek recovery of their reasonable attorney fees as allowed by 15 USC Sec 1692k(3) against the Plaintiffs and each of them.**

WHEREFORE, your undersigned prays that the request for relief and this federal Court Complaint be dismissed with prejudice; that your undersigned by awarded its costs and fees as are proper; and that your undersigned be granted such other and further relief as the Court upon review deems proper and just.

RESPECTFULLY SUBMITTED this 23rd day of April, 2010.

SEIDBERG LAW OFFICES P.C.

By _____
Kenneth W. Seidberg, Esq.
For Seidberg Law Offices P.C.

_____
Kenneth W. Seidberg, Esq.
Attorney-at-law

Copy of Answer and Exhibits (attached)
Mailed/served this 23rd day of April, 2010,
upon

Tara Lyn Carreon
Charles Carreon
2165 S. Avenida Planeta
Tucson, AZ 85710

By _____