1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tara Lyn Carreon and<br>Charles Carreon,<br><br>    Plaintiffs,<br><br>vs.<br><br>Seidberg Law Offices, P.C.,<br>Joseph Lee Whipple, and<br>Kenneth W. Seidberg,<br><br>    Defendants. | No. CV-10-182-TUC-FRZ-DTF<br><br>**ORDER SETTING RULE 16<br>SCHEDULING CONFERENCE** |

**IT IS ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference will be held in the above entitled action on **Wednesday, June 9, 2010, at 11:00 a.m.**, before Magistrate Judge D. Thomas Ferraro in Courtroom 6F. Non-local counsel/party may choose to appear telephonically.

The parties are directed to Rules 16 and 26 of the Federal Rules of Civil Procedure and this Order for the objectives of the Conference. At least one of the attorneys for each party attending the Conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

**IT IS FURTHER ORDERED** that, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel are directed to confer at least 21 days prior to the Conference scheduled herein to discuss the following matters:

1. Nature and basis of parties' claims and defenses;
2. Any matters relating to jurisdiction, venue, or the joinder of additional parties;

1. 3. Possibility for a prompt settlement or resolution of the case;
2. 4. Initial Disclosures. Prior to the Scheduling Conference, counsel shall have served each other with copies of, at a minimum, narrative responses to the initial disclosure requirements under Rule 26(a)(1).[1] Counsel shall file with the Clerk of the Court, in accordance with Rule 26(a)(4), a Notice of Initial Disclosures, rather than copies of the actual disclosures; and
3. 5. The scope of discovery and possible limitations thereof. *See* Fed. R. Civ. P. 26(b)(2). Counsel are expected to discuss any issues about preserving discoverable information and develop a proposed discovery plan. Counsel must comply with Rule 26(b) and (f) and seek to minimize the expense of discovery. If dispositive motions will be filed, counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion. Counsel is expected to discuss and develop a plan for any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. Also, counsel shall make any necessary agreements regarding how to handle claims of privilege or claims of protection for trial-preparation materials;

**IT IS FURTHER ORDERED** that the parties shall prepare a Joint Case Management Plan reflecting the results of their discussion and file it with the Court on or before **Wednesday, June 2, 2010**. The Plan shall include individually numbered brief statements indicating:

1. The names and telephone numbers for the party and/or counsel who will be appearing for the Scheduling Conference, and notice on whether appearance will be in person or by telephone;
2. The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiffs' claims and Defendants' defenses;

---

[1] Counsel can agree to exchange the actual documents at a later date.

- 2 -

1  3.  A list of the elements of proof necessary for each count of the Complaint and each
2     affirmative defense.  Where the burden of proof shifts, each party shall list the
3     elements of proof that party must prove in order to prevail.  The list of elements of
4     proof must contain citations to relevant legal authority (i.e., United States statutory
5     and/or administrative law, United States Supreme Court cases, Ninth Circuit Court
6     of Appeals cases, Arizona State case and statutory law, or other authority as dictated
7     by the conflicts of law rules);
8  4.  The factual and legal issues genuinely in dispute and whether they can be narrowed
9     by stipulation or motions;
10 5.  The jurisdictional basis of the case, citing specific statutes;
11 6.  The parties, if any, that have not been served (any party not yet served is subject to
12    dismissal pursuant to Federal Rule of Civil Procedure 4(m), absent a showing of good
13    cause);
14 7.  The names of parties not subject to the Court's jurisdiction;
15 8.  Whether there are dispositive or partially dispositive issues to be decided by pre-trial
16    motions;
17 9.  A discovery plan as outlined by Rule 26(f)(3).  Such a plan includes the parties' views
18    and proposals on any issues about disclosure or discovery of electronically stored
19    information, including the form or forms in which it should be produced;
20 10. Whether the case is suitable for reference to arbitration, to a master, or to a magistrate
21    for trial;
22 11. The prospects for settlement, including whether any party wishes to have a settlement
23    conference with another judge or magistrate and how settlement efforts can be
24    assisted;
25 12. The status of related cases pending before other judges of this Court or before other
26    courts;
27 13. Agreed upon, or each party's proposed, deadlines for:
28    a. filing motions to amend the complaint and to join additional parties;

- 3 -

      b. completing discovery;

      c. filing dispositive motions;

      d. pretrial disclosure of witnesses and expert testimony pursuant to Rule 26(a)(2) and (3); and

      e. lodging proposed joint pretrial order;

14. Whether a jury trial has been requested;

15. Estimated date that the case will be ready for trial and estimated length of trial;

16. Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential; and

17. Any other matters which may aid the Court in expediting the disposition of this matter efficiently.

The Court allots up to an hour for the Rule 16 Scheduling Conference. It is anticipated that discovery, potential for settlement, and intended motions will be discussed in detail. After the Scheduling Conference, the Court will enter a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(3), which shall control the course of this action unless modified by subsequent order. The Court admonishes counsel to take great care with scheduling deadlines. Once set, deadlines will only be extended for extraordinary good cause.

The Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

DATED this 4th day of May, 2010.

                                            D. Thomas Ferraro
                                            United States Magistrate Judge